UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME TALLEY,

                Plaintiff,

   v.

DAVID W. CHRISTEL, J. RICHARD CREATURA,

                Defendants.

No. C15-5819 MJP-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  December 11, 2015**

Plaintiff Jerome Talley, a pretrial detainee being held at Kitsap County Jail, filed a proposed complaint in this civil rights action.  Dkt. 1.  Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis*.

Plaintiff has eighteen §1983 cases currently pending before this Court.  On September 24, 2015, Senior District Judge Lonny R. Suko entered an order denying Plaintiff's application to proceed IFP in *Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash) because Plaintiff incurred at least three "strikes" prior to initiating the lawsuit.  Judge Suko also denied the applications to proceed IFP in *Talley v. Congalton, et al.*, 3:15-cv-5534-LRS (W.D. Wash) and *Talley v. Creatura*, 3:15-cv-5585-LRS (W.D. Wash) because Plaintiff has incurred at least three "strikes."

Concurring with Judge Suoko, this Court finds Plaintiff incurred the following "strikes" prior to filing this lawsuit: *Talley v. Holevinski* (E.D. Wash Case No. 02:99-cv-5036); *Talley v. Bailey, et al.* (W.D. Wash Case No. 2:08-cv-00677-TSZ); *Talley v. Bailey, et al. (II)* (W.D. Wash

REPORT AND RECOMMENDATION - 1

Case No. 2:08-cv-00752-RSM); and *Talley v. Rogers* (W.D. Wash Case No. 2:08-cv-01761-TSZ). *See also Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash). This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

DISCUSSION

As an initial matter, it is first noted that Plaintiff has named the undersigned as a defendant in two cases. *See Talley v. Strombom, et al.,* Case No. 3:15-cv-5777 MJP-MAT, and *Talley v. Strombom, et al.*, Case No. 3:15-cv-5775 MJP-JPD. The undersigned has not been served in these cases and Plaintiff has not sought recusal of the undersigned in this or any other case. Rather, Plaintiff claims in those cases that the undersigned has denied him access to file a § 1983 complaint because in five previous cases, the undersigned recommended that Plaintiff's IFP application be denied and that he pay the court's filing fee before being allowed to proceed with any 42 U.S. C. § 1983 claim. Plaintiff has at least three strikes, as defined by 28 U.S.C. § 1915(g), and may not proceed IFP unless he can show he is "under imminent danger of serious physical injury." Because Plaintiff could not show that he was under imminent danger of serious physical injury, the undersigned recommended that his IFP application be denied. *See, e.g., Talley v. Robinson,* 3:15-cv-5593 RBL-KLS, *Talley v. Olson*, 3:15-cv- 5641 RBL-KLS, *Talley v. Houser*, 3:15-cv-5712 RBL-KLS, *Talley v. Suko*, 3:15-cv-5721 BHS-KLS, *Talley v. Leighton*, 3:15-cv-5724 RJB-KLS.

Secondly, it is noted that in the cases where Plaintiff has named the undersigned as a defendant (15-5777 and 15-5775), Plaintiff has failed to state a viable § 1983 claim as judges are absolutely immune from civil liability for damages for their judicial acts. *Mullis v. U.S. Bankruptcy Court Dist. of Nevada,* 828 F.2d 1385, 1389 (9th Cir. 1987). "A judge will not be

REPORT AND RECOMMENDATION - 2

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).  Absolute immunity extends to magistrate judges, whose role is "functionally comparable" to that of an Article III judge.  *Ryan v. Bilby,* 764 F.2d 1325, 1328 n.4 (9th Cir. 1985).  A clear absence of jurisdiction means a clear lack of all subject matter jurisdiction. *Mullis,* 828 F.2d at 1389. Congress has explicitly provided magistrate judges the authority to hear and determine certain pretrial matters in actions pending before the district court.  *See* 28 U.S.C. § 636(a)-(b).  This authority extends to ruling upon IFP applications, to hear non-dispositive pretrial matters, and to enter reports and recommendations for the disposition of dispositive motions.  *See* MJR 1(h); MJR 3(a); and MJR 4.  As previously noted, the undersigned's judicial involvement in the five earlier cases was limited to recommending denial of Plaintiff's IFP application because Plaintiff is not entitled to proceed IFP under 28 U.S.C. § 1915(g)

Thirdly, it is noted that there is no reason for the undersigned to recuse herself in this case.  Under 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).  The United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion …. [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless

REPORT AND RECOMMENDATION - 3

> they display deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States,* 510 U.S. 540, 555 (1994) (emphasis added).

Finally, it is clear that in this case, Plaintiff may not proceed IFP unless he can show he is "under imminent danger of serious physical injury" because Plaintiff has incurred at least three strikes. 28 U.S.C. § 1915(g). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). In this case, Plaintiff alleges that Magistrate Judge David W. Christel and Magistrate Judge J. Richard Creatura discriminated against him when they denied his IFP applications. Dkt. 1.

Plaintiff does not allege danger of any physical injury, much less an imminent serious physical danger which is "ready to take place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the imminent danger exception does not apply in this case, and Plaintiff is subject to the three-strikes rule.

## CONCLUSION

Plaintiff may not proceed IFP in this matter as he has incurred at least three strikes under 42 U.S.C. § 1915(g). Therefore, the Court recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty days of the District Court's order and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 4

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 11, 2015,** as noted in the caption.

DATED this 24th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5